**WO** LMH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry Donnell Dunlap,<br><br>    Plaintiff,<br><br>vs.<br><br>Sergeant Randall, et al.,<br><br>    Defendants. | No. CV 05-3577-PHX-NVW (MEA)<br><br>**ORDER** |

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by a state prisoner. In lieu of paying the $250.00 filing fee, Plaintiff seeks leave to proceed *in forma pauperis*. Because he has three strikes under 28 U.S.C. § 1915(g), the Court will deny his request and dismiss his action.

The three strikes rule, 28 U.S.C.1915(g), provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The constitutionality of this rule has been upheld by the Ninth Circuit Court of Appeals. Andrews v. King, 398 F.3d 1113, 1123 (9th Cir. 2005); Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir. 1999).

1    Plaintiff's action falls within the three strikes rule.  First, the Court has previously
2    dismissed three of Plaintiff's prior actions for failure to state a claim.  See Dunlap v. Day,
3    No. CV 04-0507-TUC-RCC (D. Ariz.) (Aug. 4, 2004 Ord. & J.); Dunlap v. Walker, No. CV
4    04-251-PHX-NVW (SLV) (D. Ariz.) (July 14, 2004 Ord. & J.); Dunlap v. Dunlap, No. CV
5    02-0475-TUC-RCC (D. Ariz.) (Sept. 19, 2003 Ord. & J.).  Second, his allegations do not fall
6    within the exception for imminent danger of serious physical injury.  Plaintiff sues three
7    corrections officers who allegedly placed him in a cage outside at night for five hours in
8    extremely cold and rainy weather on February 16, 2005, nearly nine months ago.  An
9    allegation that imminent danger was faced in the past is insufficient to meet the imminent
10   danger exception.  Heimermann v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003); Malik v.
11   McGinnis, 293 F.3d 559, 563 (2d Cir. 2002); Abdul-Akbar v. McKelvie, 239 F.3d 307, 310-
12   11 (3d Cir.), cert. denied, 533 U.S. 953 (2001); Medberry v. Butler, 185 F.3d 1189, 1192
13   (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir.1998); Banos v. O'Guin,
14   144 F.3d 883, 884 (5th Cir. 1998).  Therefore, Plaintiff is not entitled to proceed *in forma*
15   *pauperis*, and his Complaint must be dismissed for failure to pre-pay the $250.00 filing fee.

16   **IT IS THEREFORE ORDERED THAT**:

17      (1)  Plaintiff's Application to Proceed In Forma Pauperis (Dkt. #1) is denied; and
18      (2)  The Complaint and this action are dismissed for failure to pre-pay the $250.00
19   filing fee pursuant to 28 U.S.C. § 1915(g), and the Clerk of Court shall enter a judgment of
20   dismissal accordingly.
21      DATED this 16th day of November, 2005.

*Neil V. Wake*
Neil V. Wake
United States District Judge

- 2 -